UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALLSTATE TEXAS LLOYDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:07-CV-0360-G |
| CINDY SAWYER, Individually and as ) | |
| Personal Representative of the Estate of ) | **ECF** |
| SPENCER SCOTT SAWYER, Deceased, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Cindy Sawyer ("Sawyer"), to dismiss the plaintiff's complaint. For the reasons set forth below, the motion is denied.

### I. BACKGROUND

The plaintiff, Allstate Texas Lloyds ("Allstate") seeks declaratory judgment regarding coverage under a homeowners' insurance policy as it relates to a wrongful death suit in the 298th Judicial District of Dallas County, Texas ("the underlying

action"). Plaintiff's First Amended Original Complaint for Declaratory Judgment ("Complaint") ¶ 8. The underlying action was brought by Sawyer on behalf of herself and the estate of her minor child seeking damages from the defendant Brent Landes ("Landes"). *Id.* ¶¶ 13-14. The case was filed after Sawyer's minor child, Spencer Sawyer, was killed in an accident on Cedar Creek Lake. *Id.* In the accident, Spencer Sawyer's idle watercraft was struck by another craft being operated by Cory Kelly ("Kelly"); Landes was the owner of the craft operated by Kelly. *Id.* In the underlying action, Sawyer alleges that Kelly was unlicensed and that Landes negligently entrusted the operation of the watercraft to him. *Id.*

Landes obtained a homeowners' insurance policy from Allstate, under the terms of which Allstate is obliged, in certain circumstances, to defend and indemnify Landes for liability related to bodily injury or property damage. *Id.* ¶ 15. In its complaint, Allstate asks this court to declare that it is not obligated to defend or indemnify Landes for any liability which may arise as a result of the underlying action. *Id.* ¶ 17. Allstate maintains that a provision in the policy excludes coverage for liabilities resulting from accidents involving watercraft with a motor power greater than fifty horsepower.[1] *Id.*

---

[1] The relevant term in the policy provides that the insured is not covered for "bodily injury . . . arising out of the ownership, maintenance, operation, use, loading or unloading of watercraft: (1) with inboard or inboard-outdrive motor power of more than 50 horsepower owned by or rented to an insured." Complaint ¶ 16.

Sawyer and Landes are involved in another action pending in the 192nd Judicial District of Dallas County, Texas. Defendant Cindy Sawyer's Motion to Dismiss ("Motion to Dismiss") at 2. That action involves a complaint for declaratory judgment filed by another of Landes's insurers. Sawyer urges this court to abstain from deciding this case so that Allstate will be forced to litigate its declaratory judgment action in a state court, possibly by joining the action filed by Landes's other insurer. *Id.* at 2-3.

## II. ANALYSIS

The Declaratory Judgment Act provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration. . . ." 28 U.S.C. § 2201.[2] The Supreme Court has held that the Act grants discretion to the courts rather than an absolute right to a litigant. *Wilton v. Seven Falls Company*, 515 U.S. 277, 287-88 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."); see also *Sherwin-Williams Company v. Holmes County*, 343 F.3d 383, 389

---

[2] It is well settled that the Act does not expand the subject matter jurisdiction of the federal courts. *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 15-16 (1983) (quoting *Skelly Oil Company v. Phillips Petroleum Company*, 339 U.S. 667, 671-72 (1950)); *Comstock Oil & Gas Inc. v. Alabama and Coushatta Indian Tribes of Texas*, 261 F.3d 567, 573 n.5 (5th Cir. 2001), *cert. denied*, 535 U.S. 971 (2002). Subject matter jurisdiction in this case, however, is based on diversity of citizenship.

(5th Cir. 2003). Thus, this court may choose to dismiss this case by not exercising jurisdiction over it.

The Fifth Circuit has outlined the three steps a district court must follow to determine whether to dismiss or decide a declaratory judgment case: first, the district court must determine whether the declaratory action is justiciable; second, the court must determine whether it has the authority to grant declaratory relief; and, third, the court must determine whether to exercise its discretion to decide or dismiss the action. *Sherwin-Williams*, 343 F.3d at 387.

### A.  Justiciability of the Action

The Fifth Circuit has noted that determining justiciability in the context of a declaratory judgment can be challenging, see *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000), but, typically, a case will be justiciable if an "actual controversy" exists between the parties. *Id.* at 895-96. An actual controversy exists where there is a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests -- a determination that must be made on a case-by-case basis. *Id.* at 896 (citations omitted).

There is no question that the instant case meets this definition. *See* Complaint ¶¶ 5-6. The Allstate insurance policy at issue in this case is clearly implicated by litigation currently pending in a state court. Consequently, this case involves a

substantial controversy of sufficient immediacy and reality between parties having adverse legal interests and is, thus, justiciable.

## B. Authority of the District Court

Once a district court determines that a declaratory action is justiciable, the court must then determine whether it has the authority to grant declaratory relief. This second step is essentially a determination of whether there are competing state and federal proceedings, and whether the district court is prohibited from intruding in the state action under the Anti-Injunction Act. *Sherwin-Williams*, 343 F.3d at 388 n.1. As the Fifth Circuit explained in *Sherwin-Williams*, "a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283." *Id.*

The state court declaratory judgment action referenced by Sawyer in her motion does not preclude the case *sub judice* from proceeding because the above criteria are not satisfied by the state court action. Neither defendant in the present case has filed a declaratory judgment action in state court. Instead, the state court action at issue was filed against Sawyer and Landes by another of Landes's insurers.[3]

---

[3] It also appears that the state court declaratory judgment action was filed after the present case, which was filed on February 26, 2007. Appendix to Defendant Cindy Sawyer's Brief in Reply to Plaintiff's Response to Cindy Sawyer's Motion to
(continued...)

*See* Motion to Dismiss at 2. Because the state court declaratory judgment action does not preclude this case from proceeding and because this court has subject matter jurisdiction over this claim, see *supra* note 2, the court has the authority to decide this declaratory judgment action.

C. Exercise of Discretion

Once a district court has determined that the declaratory action is justiciable and that the court has the authority to grant declaratory relief, the court must then determine how to exercise its discretion to decide or dismiss the action. The Fifth Circuit has identified seven nonexclusive factors to consider when making this determination:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses;

---

³(...continued)
Dismiss at 11 (showing that the Petition for Declaratory Judgment was served on April 5, 2007); *see also* Allstate's Response to Defendant Sawyer's Motion to Dismiss at 10.

>    (6)  whether retaining the lawsuit would serve the purposes of judicial economy; and
>
>    (7)  whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams*, 343 F.3d at 388 (quoting *St. Paul Insurance Company v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994)).  This list is nonexclusive, and a court may consider other factors in deciding how to exercise its discretion to decide or dismiss a declaratory judgment action.  See *id.*; *Fidelity Bank v. Mortgage Funding Corporation of America*, 855 F. Supp. 901, 903 (N.D. Tex. 1994), *aff'd*, 91 F.3d 138 (5th Cir. 1996) (table).  The district court must analyze and balance the facts and circumstances of the instant suit against these factors, or it will be deemed to have abused its discretion.  *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001); *Trejo*, 39 F.3d at 591.

The Fifth Circuit has observed that the so-called *Trejo* factors address three aspects common to all of the federal circuits' expressions of the factors given by the Supreme Court in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942):  federalism -- "the proper allocation of decision-making between state and federal courts"; fairness -- "distinguish[ing] between legitimate and improper reasons for forum selection"; and efficiency -- avoidance of "duplicative or piecemeal litigation where possible."  *Sherwin-Williams*, 343 F.3d at 390-91.  Specifically, the first and last

*Trejo* factors address federalism concerns; the second, third, and fourth factors address fairness concerns; and the fifth and sixth factors address efficiency concerns. *Id.* at 391.

1. *Federalism and Comity*

Under the first and last Trejo factors -- federalism and comity -- this court should not dismiss the plaintiff's action for declaratory judgment because there is no parallel state action in which all of the matters in controversy may be fully, and more conveniently, litigated. The Fifth Circuit has held that a district court should not dismiss a motion for declaratory judgment unless the underlying state action is "parallel" to the federal action. See, e.g., *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373 (5th Cir. 1998); *Exxon Corporation v. St. Paul Fire & Marine Insurance Company*, 129 F.3d 781, 785 (5th Cir. 1997).

For the federal and state cases to be "parallel," they must "involve the same parties and the same issues." See *Exxon Corporation*, 129 F.3d at 785. Although the state court action for declaratory judgment does involve a dispute over a similar insurance policy provision to the one at issue here, Allstate is not a party to the state court declaratory judgment action, and that action does not involve the insurance agreement between Landes and Allstate. *See* Appendix to Defendant Cindy Sawyer's Brief in Reply to Plaintiff's Response to Cindy Sawyer's Motion to Dismiss ("Sawyer's Appendix") at 5. The two cases contain different parties and different

insurance policies; therefore, they are not parallel. Accordingly, the first and last *Trejo* factors weigh in favor of retaining the instant suit in this court.

## 2. *Fairness*

The second, third, and fourth *Trejo* factors address fairness concerns. The second and third factors -- which consider anticipatory filing and forum shopping -- also support Allstate's position. There is neither evidence nor allegation that Allstate filed this action in anticipation of a state court action on the same issues. Indeed, Landes never attempted to file a state court proceeding to determine the issues being disputed in this case, even though Sawyer's state court suit was pending against Landes months before Allstate filed this action. Likewise, the defendants have not alleged that Allstate engaged in wrongful forum shopping by pursuing this case in the Dallas Division of the Northern District of Texas -- the same division in which the state court declaratory judgment action is pending.

The fourth *Trejo* factor considers whether inequities will result from allowing the declaratory plaintiff to gain precedence in time or to change forums. Examination of the circumstances surrounding this case reveals that this factor also favors retention of this action in this court. Because Allstate is not a party to either state court action, it cannot have gained an advantage through a change of forum by filing this action. Additionally, the state court declaratory judgment action was not initiated until several weeks after Allstate filed the instant action in federal court. *Compare* Sawyer's

Appendix at 11 *with* Complaint at 1.  There was no state court action for declaratory judgment in which Allstate could have chosen to participate when it properly availed itself of the jurisdiction of this court.  It would be unjust to dismiss Allstate's declaratory judgment action now simply because a somewhat related state court action was subsequently filed.

3. *Efficiency*

The remaining *Trejo* factors focus on the convenience of the parties and witnesses, and whether retaining the suit in its present forum would serve the purposes of judicial efficiency.  Because neither side addresses issues of convenience for the parties and witnesses, the court will confine its analysis to issues of judicial efficiency.

The defendants contend that this court should dismiss this action for risk of inconsistent judgments because, in the underlying declaratory judgment action, the state court has been asked to rule on a similar insurance policy provision.  Although such inconsistent rulings may be troubling if they occur, the court is unpersuaded that it should refuse to consider the instant motion based on that possibility alone.  Furthermore, Allstate correctly notes that judicial efficiency is not served by dismissing this action, because it would require Allstate to re-file the action in state court.  *See* Allstate's Response to Defendant Sawyer's Motion to Dismiss at 10-11.

Accordingly, the remaining *Trejo* factors militate in favor of a decision to exercise jurisdiction over this case.

### III. CONCLUSION

For the reasons stated above, Sawyer's motion to dismiss is **DENIED**.

**SO ORDERED**.

August 31, 2007.

```
_____
A. JOE FISH
CHIEF JUDGE
```